MARCUS B. TAYLOR ET AL., EXECUTORS OF THOMAS B. STOFT, PROSECUTORS, v. LUCY SEABROOK, ADMINISTRATRIX OF ELIAS SEABROOK, DEFENDANT.

Submitted March 18, 1915—Decided June 4, 1915.

1. Under section 2 of the Workmen's Compensation act, the willful negligence of the workman is not a defence to the action. Willful negligence is a defence only under section 1 of the act, where the liability is made to depend, not upon any implied contract for compensation, but upon the negligence of the employer, either at common law or resulting from the requirements of the act itself. Such provision is omitted in section 2 of the act, where the only exemption is when the injury or death is intentionally self-inflicted, or when intoxication is the natural and proximate cause of the injury.

2. Under the original Workmen's Compensation act funeral expenses were not allowable unless there were no dependents. The supplement of 1913 to the act (*Pamph. L.* 1913, *p.* 302, ¶ 4) made no change in this respect. Consequently, when an accident arose prior to the passage of the supplement of 1914, providing for burial expenses in all cases, it was erroneous to make an allowance for burial expenses where there were actual dependents.

3. The Workmen's Compensation act does not require the trial judge to make a statement of the proportions of the award to go to the widow and child unless there is a special application for that purpose.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutors, *J. Clarence Conover.*

For the defendant, *Michael J. Tansey.*

The opinion of the court was delivered by

PARKER, J.   This is a workmen's compensation case in which death occurred as the result of the accident.   The deceased was working for defendant as a laborer in digging out a cellar in which there were some masonry piers, and during the course of his work one of the piers fell over on him with fatal results.   It is not denied that the accident arose out of and in the course of the employment.

The first ground urged for a reversal is that the accident was due to the willful negligence of the deceased.   We think counsel misapprehends the provisions of the act of 1911 so far as they relate to willful negligence.   All that that act says on this subject is contained in the portion of the act designated as section I., which may be called for convenience the employers' liability section of the statute.   In this part of the act the liability is made to depend not upon any implied contract for compensation, but upon the negligence of the employer, either at common law or resulting from the requirements of the act itself.   When we come to section II. we find that the provision of willful negligence is entirely omitted, and that the only exemption is when the injury or death is intentionally self-inflicted, or when intoxication is the natural and proximate cause of injury.   *Pamph. L.* 1911, *p.* 136, ¶ 7.   There is no claim in this case that the injury was self-inflicted or that it was due to intoxication.

The next point is that the widow and daughter, for whose benefit the petition was filed, are not dependents in the sense intended by the act.   This point we deem to be without substance.   It is true that the deceased did not work steadily, that he was inclined to dissipation, that he did not live at home all of the time, and that his wife's position was not very satisfactory.   But there was evidence that when he did work he contributed a substantial part of his earnings towards the support of his wife and daughter, and that he and his wife were not living in a state of legal separation in any sense of the word.   Consequently, the presumption of dependency was not rebutted.   See *Pamph. L.* 1913, *p.* 305.

The next point is well taken. It appears that the trial court made an allowance of $100 for "the expense of doctor called to attend the deceased at the time of his death and the expenses of his burial." The accident occurred on January 28th, 1914, which was, of course, before the supplement of 1914 was passed providing for burial expenses in all cases. *Pamph. L., p.* 500. Consequently, the act applicable was that of 1913, as amending the original act of 1911. Under the original act funeral expenses were not allowable unless there were no dependents; and we have held that the act of 1913 made no change in this, notwithstanding the insertion of paragraph 14*a* on page 307 of the clause. *Central Railroad Co. v. Kellett.* 86 *N. J. L.* 84. Irrespective of the fact therefore that there seems to be no proof whatever as to the amount of either doctor's bill or funeral expenses, it was erroneous to make any allowance for the same in a case where there were actual dependents.

The last point is that in the finding and determination of the trial judge there was no statement of the proportions of the award to go to the widow and child respectively. We think that the statute does not require this except in cases where there is a special application made for that purpose, and there is nothing in the case to show that any such application was made.

So far as the judgment brought up contains an award for doctor's and funeral expenses. it will be reversed. In other respects it will be affirmed. Both parties succeeding in part, neither will be allowed costs.