MARGARET H. DIXON, RESPONDENT, v. CLAYTON L. ANDREWS, PROSECUTOR.

Submitted December 15, 1917—Decided March 4, 1918.

Under some circumstances, the failure of an employe, who had fallen asleep, to wake up in time to avert a catastrophe may be an "accident" under the Workmen's Compensation act.

On *certiorari.*

On August 15th, 1916, the husband of the petitioner was a farm hand, whose particular employment on that day was to make a trip to Philadelphia with a truck wagon drawn by a team of mules. He left the farm between five and six o'clock in the afternoon, and at two o'clock the next morning was found dead sitting on the seat of the truck with his body crushed between the seat and the overhanging roof of a shed under which the mules were standing.

From the circumstantial details in evidence, the judge of the Pleas determined that the decedent's death was caused by an accident and that such accident arose out of and in the course of his employment.

Before Justices GARRISON, BERGEN and BLACK.

For the prosecutor, *Kaighn & Wolverton.*

For the respondent, *Samuel K. Robbins.*

The opinion of the court was delivered by

GARRISON, J. The court was justified in finding that the injury of which the decedent died was not intentionally self-inflicted or the result of his intoxication. This left two hypotheses upon which to account for the manner in which such injury was caused, viz., that the decedent was asleep when the mules went under the low roof, or that he was negligent if he was awake. The latter hypothesis need not be considered, inasmuch as negligence is no bar to the recovery of compensation.

The main contention is that the injury was not accidental if the decedent was asleep, the argument being that sleep is not an accident. The act of going to sleep may or may not be an accident, depending upon whether or not it was designed, but the failure to wake up in time to avert a catastrophe is an accident in every sense of the word. If the going to sleep was not designed, it was accidental; if it was designed, it was negligence. In any event the undesigned failure of the deceased to wake up until he was crushed between the seat and the low roof was purely accidental in the sense in which that term is constantly and correctly employed. Falling out of bed while asleep is an accident even if the sole design in going to bed was to go to sleep. The sole case in which it is pretty clear that falling asleep is not within an employment is that of a watchman or similar service where the servant is employed expressly to stay awake. In such case the failure of the servant to do the one thing he was specifically employed to do has been held to be an abandonment of his employment. *Gifford* v. *Patterson,* 222 *N. Y.* 4.

The judgment of the Burlington County Common Pleas is affirmed, with costs.