ADAM BLACK & SONS, INCORPORATED, PROSECUTOR, v. COURT OF COMMON PLEAS, HUDSON COUNTY, JOHN J. McGOVERN, CLERK, AND EDWARD A. BLACK, DEFENDANTS.

Submitted October term, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Edwards & Smith* (*Edwin F. Smith* and *Raymond Dawson,* on the brief).

For the defendants, *Kent & Kent* (*Samuel Kent;* on the brief).

PER CURIAM.

The writ of *certiorari* brings up for review an award allowed under the Workmen's Compensation act and affirmed by the Court of Common Pleas. The claimant is Edward A. Black. The prosecutor of the writ is Adam Black & Sons, Incorporated, a corporation, which incorporated with ten outstanding shares of stock, of which four were owned by the said Edward A. Black, four by his brother and one by each of their respective wives. Subsequently other shares were issued, some to the claimant, some to his aforesaid brother, some to a younger brother; but in what amounts or proportions does not appear. The business is about $150,000 per

year in volume. At the time of the accident Black was the secretary and treasurer of the corporation, although the books were kept by a paid bookkeeper.

The workmen's compensation bureau found that at the time of the accident the claimant was employed by the corporation, was paid a wage for his services and suffered an accident arising out of his employment. On appeal the Court of Common Pleas of the county of Hudson confirmed those findings. It is the policy of this court when two independent and distinct tribunals such as these have examined the facts and heard the testimony, a conclusion so reached ought not to be lightly disturbed by this court upon a mere inspection of the written word where there is ample support in the testimony for the conclusion so reached. *Pearson* v. *Armstrong Cork Co.*, 6 *N. J. Mis. R.* 976; *Mountain Ice Co.* v. *Durkin, Ibid.* 1111.

It convincingly appears that Black was regularly employed as the general shop foreman of the prosecutor in its business of building and repairing automobile bodies, and that from seven-thirty A. M. to five P. M. daily, he regularly worked in overalls in the shop, doing the same work as the remaining twenty-five or twenty-eight mechanics and that he drew a wage of $60 per week; also, that at the time of the accident he was repairing the tailboard of a truck, cutting a bolt with a hammer and chisel, in the course of which the bolt broke off and hit him in the eye, causing the permanent loss of the entire vision of that eye.

As to most of the facts there is no dispute. The point of controversy is as to Black's status at the time of the injury, that is, whether or not he was an employe within the purview of the Workmen's Compensation act, and, therefore, entitled to compensation. Prosecutor contends that there was no evidence to establish petitioner's status as an employe.

The statute (2 *Cum. Supp. Comp. Stat., pp.* \*\*236, 32-b) provides that "employer is declared to be synonymous with master, and includes persons, partnerships and corporations; employe is synonymous with servant, and includes all natural persons who perform service for another for financial con-

sideration * * *." Strictly speaking, the corporation in the instant case was the employer. It had an entity quite apart from that of any of its shareholders or officers. But there is a line of cases, amongst which is *Bowne* v. *Bowne,* 221 *N. Y.* 28; 116 *N. E. Rep.* 364, holding that a principal executive officer of a corporation is not an employe entitled to compensation for injuries received while assisting other employes in performing manual labor. This is not, however, to be understood as disbarring all officers of a corporation, regardless of the character of their actual services, from the benefit of compensation legislation; as is evidenced by the subsequent determinations of the New York Court of Appeals in *Goldin* v. *Goldin Decorating Co.,* 247 *N. Y.* 603; 161 *N. E. Rep.* 199, and *Loonsk* v. *Loonsk Brothers Cleaning and Dyeing Works,* 249 *N. Y.* 520; 164 *N. E. Rep.* 568. Varying statutes, of course, give varying trends to court decisions in different jurisdictions. The editor of A. L. R. at page 377 of volume 25 reviews the field by observing that the mere fact that one is a stockholder, officer or director of a corporation does not necessarily preclude recovery for his injury or death as an employe of the company under Workmen's Compensation acts. We think that the decision of the Supreme Court of Pennsylvania in *Carville* v. *Bornot,* 135 *Atl. Rep.* 652, though cited adversely by prosecutor, sustains this view.

The question appears to be novel in this state. *England's Executors* v. *Beatty,* 41 *N. J. Eq.* 470, cited by prosecutor, does not, in our opinion, apply either as to law, facts or reasoning. We do not find, and think there cannot well be, at this stage of the jurisprudence on the subject, a hard and fast rule. An analysis of the facts of the instant case brings us to the conclusion that Black was an employe within the meaning of the statute, and that there is ample support in the testimony for the conclusion reached by the workmen's compensation bureau and the Hudson Common Pleas.

The judgment below is affirmed, with costs.