On July 22, 1928, John H. Stewart, a tractorman employed by the Bunker Hill and Sullivan Mining and Concentrating Company, undertook to drive a tractor up a steep incline to a point where fellow-workmen were clearing out stumps and stones on the mountainside for the location of an air-compressor. The clearing was being done by hand with the aid of a plow, the tractor not having been used for several days, awaiting further preparatory operations on the mountainside. In attempting the incline, the tractor turned over, crushing Stewart, who died a few moments thereafter.
In November following, no claim for compensation having been made, the State of Idaho on the relation of E.G. Gallet, State Auditor, filed under subd. 6, sec. 6223, Comp. Stats., as amended by sec. 1, chap. 217, 1921 Sess. Laws, a petition for hearing, alleging among other things that Stewart's death occurred by accident arising out of and in the course of his employment with the Bunker Hill and Sullivan Mining and Concentrating Company, and that at the time of his injury he had no dependents, as the term is used in the Workmen's Compensation Law.
After a hearing, the board found that the deceased's death was due to the overturning of the tractor, and further found that at the time he attempted to drive it upgrade "it was not possible for it to remain upright while climbing the grade, and he should have known this fact, and the attempt to drive the tractor up the grade was reckless, but he made the attempt in an endeavor to further the interests of his employer and in an excess of zeal in trying to do something to further and hasten the work which the crew of which he was a member were engaged in."
With the introductory statement, "No claim for compensation on account of the death of the said John H. Stewart has been made by any person dependent upon him, and one year has elapsed since the date of his death," the board entered its order that the respondent Mining Company should pay to the personal representatives of deceased the *Page 561 
expense of burying his body, not to exceed $200, and immediately pay into the state treasury, to be deposited in the Industrial Administration Fund, the sum of $1,000.
On appeal by respondent, the district court reversed the board in toto, finding that Stewart did not meet his death by accident arising out of and in the course of his employment, and that "the claimant, the State of Idaho, ex rel. E.G. Gallet, State Auditor, alleged in the complaint that there were no dependents of said deceased, which allegation was denied by the defendant employer, and that there was no evidence adduced at the hearing before the said Industrial Accident Board, showing or tending to show that there were no dependents of said deceased."
The State appealing, relies substantially upon two contentions, viz.: that the court erred in its finding that "the said deceased John H. Stewart did not die as the result of a personal injury by accident arising out of or in the course of any employment of him by the defendant, Bunker Hill and Sullivan Mining and Concentrating Company," and in its conclusion that the award of the board should be reversed in all particulars and the claimant take nothing.
We think the trial court erred in the finding complained of. Part of the res gestae were Stewart's last words: "I was just trying so hard to do something." Louder than this attestation of his dying lips were his actions undertaken in the immediate vicinity of the work going on: surely his efforts were directed to but one objective, that of contributing some measure of service to his employer's business. Conceding that he exercised defective, even reckless judgment, that could not deprive his endeavor of its primary purpose. (C. S., sec. 6214, assuring compensation "regardless of question of fault";Decatur Railway Light Co. v. Industrial Board,276 Ill. 472, 114 N.E. 915; Eugene Dietzen Co. v. IndustrialBoard, 279 Ill. 11, Ann. Cas. 1918B, 764, 116 N.E. 684; note, 23 A.L.R. 1163.)
Respondent argues that the deceased was acting against orders. The only evidence touching this was the testimony *Page 562 
of respondent's foreman, who swore that it was the custom for Stewart to operate the tractor when and where he was directed by the foreman in charge. There is no evidence that he was ever in terms forbidden to operate it when he met his death. An energetic, interested workman often anticipates orders and accomplishes what is patently desired before the foreman speaks. The finding of the board was fully sustained by the evidence and should not have been set aside.
Discussing the matter of the State award made by the board, respondent submits the proposition in a nutshell: "Where the State is claiming the $1000 on the ground that there are no dependents of the deceased, a fortiori the burden is on the State to show the deceased left no dependents." Chap. 217, Laws of 1921, p. 475, declares in part:
"In case there are no dependents of the deceased employee, the employer shall pay into the State Treasury to be deposited in the Industrial Administration Fund the sum of $1000."
Recognizing the nonexistence of dependents to be an indispensable prerequisite to such an award, the State specifically plead there were none. This allegation the answer just as specifically denied. No evidence whatever was introduced in support of this all-essential issue. The board made no finding upon it, merely reciting that no dependent had filed a claim within the more than one year that had elapsed since Stewart's death. Such fact, unchallenged though it be, falls far short of establishing the absence of dependents. Failure to file a claim raises no presumption of the nonexistence of dependents. The record contains an unsworn statement that deceased had separated from his wife, nothing more. How about her? Was she divorced, drawing alimony, or separated by mutual agreement and receiving a stipend? Was there no possibility of other dependents? Vide C. S., sec. 6247, which provides:
"No limit of time provided in this chapter shall run as against any person who is mentally incompetent or a minor *Page 563 
dependent so long as he has no committee, guardian or next friend."
The right of the State to an award does not depend upon possibilities but certainties. It had to show there were no dependents: it failed to do so. The judgment is reversed in the particular that denies the award for burial expenses; in all other respects it is affirmed. The trial court is directed to enter judgment in accordance herewith. Costs to respondent.
Givens, C.J., and Budge, Varian and McNaughton, JJ., concur.