REBECCA C. STRANG, PROSECUTOR-RESPONDENT, v. STRANG ELECTRIC COMPANY, RESPONDENT-PROSE-CUTOR.

Argued October 7, 1930—Decided November 22, 1930.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *Carl Kisselman.*

For the respondent, *Edward T. Curry.*

PER CURIAM.

The respondent, a woman sixty-four years of age, a stock-holder and the treasurer of the appellant company, in returning from New Brunswick in an automobile operated by her son, the president of the prosecutor company, was injured and she has an award under the Workmen's Compensation act. It appears that the prosecutor is a corporation organized under the law of this state and has its office in Camden. It also has a place of business in Philadelphia.

The respondent was not only a stockholder and treasurer of the corporation, in which latter position, she with all other officers, drew no salary, but was also manager of its Camden office and place of business in this state. At the time in question the estimator in the employ of the company was not available and respondent, being familiar with the business of the corporation, accompanied her son to New Brunswick for the purpose of determining whether a proposed agreement for extra work upon a contract held by the

company should be engaged in. She received a salary, or compensation, of $35 per week as manager and was carried upon the payroll, in this capacity, and for this amount. The insurance carrier based its premium charges thereon.

The only question involved here is whether or not the respondent was an employe or an officer.

Upon the facts in the case the deputy commissioner held, and the Court of Common Pleas concurred, that the respondent was an employe and entitled to the benefits of the act.

We think that the facts are such that these findings should not be disturbed. *Black & Sons* v. *Hudson County,* 8 *N. J. Mis. R.* 442; 150 *Atl. Rep.* 672.

The judgment of the Court of Common Pleas of Camden county will therefore be affirmed and the writ of *certiorari* dismissed, with costs.