BERTHA M. HANNAFORD, PETITIONER AND DEFENDANT IN CERTIORARI, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT AND PROSECUTOR IN CERTIORARI.

Argued October 3, 1935—Decided November 1, 1935.

574

Before Justices Trenchard, Heher and Perskie.

For the prosecutor in *certiorari*, *William F. Hanlon* (*DeVoe Tomlinson*, of counsel).

For the defendant in *certiorari*, *William Newcorn*.

The opinion of the court was delivered by

Trenchard, J.  The widow of Leon M. Hannaford filed a petition pursuant to our Workmen's Compensation act alleging that her husband (hereinafter called the decedent), while in the employ of the Central Railroad Company of New Jersey as its "real estate and tax agent," sustained an accident arising out of and in the course of his employment on May 27th, 1933, while inspecting property of the company, and that as a result of the accident he died on June 8th, 1933.

The workmen's compensation bureau found and determined in favor of the petitioner.  The railroad company appealed to the Common Pleas Court of Union county and that court sustained such finding; and thereupon the railroad company obtained this writ of *certiorari* to review the determination and judgment.

The railroad company's first point is that "there was no legal, competent proof that the decedent's death was the result of an accident arising out of and in the course of his employment."

The precise contention is that the evidence upon which the bureau and the Common Pleas Court relied to establish the accident, and how and when it occurred, was hearsay testimony and therefore incompetent.

The testimony in question was given by Mr. Braybrooke, who accompanied the decedent on his tour of an inspection of the railroad company's property, which it was taking back from the lessee thereof pursuant to the terms of the lease which had expired. The testimony was to the effect that on May 27th, 1933, they together walked over the premises and climbed a couple of fences and inspected the property;" that "while climbing over a fence" the decedent was "injured in the leg," and he said "something about he hurt his foot" and "I think it was shortly after he climbed over the fence," and "I believe he climbed over this fence and walked down there and as he did that he said he had hurt his leg."

That testimony was regarded by the bureau and by the Common Pleas Court as admissible as a part of the *res gestæ*. We think that was right.

It is well settled that the *res gestæ* includes those circumstances which are the undesigned incidents of a particular litigated act. They may be separated from the act by a lapse of time more or less appreciable, and may consist of speeches of anyone concerned, whether participant or bystander. They may comprise things left undone as well as things done. They must be the necessary incidents of the litigated act in this sense that they are part of the immediate preparation for or emanations of, such act, and are not produced by the calculated policy of the actors.

Tested by that rule the testimony was admissible as a part of the *res gestæ* (*Murphy* v. *Brown & Co.*, 91 *N. J. L.* 412; *State* v. *Doro*, 103 *Id.* 88), and in the circumstances of this case settled the fact of the accident and how and when it occurred. The fact that the death occurred as a result of the accident was established by the testimony of the decedent's wife and of his doctor. The wife testified that she saw her husband's injury the next morning and called a doctor. The doctor testified that he found the decedent suffering from a scratched leg which was swollen and red and painful, and

continued to treat him until June 8th, 1933, when he died from septicaemia following poisoning as a result of an injury.

The railroad company's second and last point is that "since the decedent was an officer of the Central Railroad Company of New Jersey, the petitioner does not come within the purview of the Workmen's Compensation act of the State of New Jersey."

But the mere fact that one is an officer of a corporation, does not, under our Workmen's Compensation act, necessarily preclude recovery for his death as an employe of the corporation. Such an officer may serve both as an officer and a workman under circumstances making him an employe within the meaning of the act, and if he sustains injury resulting in death while performing duties in the latter capacity, there may be a recovery under the act. *Adam Black & Sons* v. *Court of Common Pleas*, 8 *N. J. Mis. R.* 442; 150 *Atl. Rep.* 672; *Strang* v. *Strang Electric Co.*, 8 *N. J. Mis. R.* 873; 152 *Atl Rep.* 242.

So, then, we must examine the status of the decedent at the time of the injury for the purpose of ascertaining whether or not he was an employe and as such entitled to compensation.

The evidence shows that he was appointed "real estate and tax agent," by the board of directors of the railroad company, with power to employ subordinates to help him to carry out such parts of the work as the decedent could not personally perform. He had no control of the operations of the company. His task was to take charge of and look after the administrative duties connected with the real estate and taxes of the company. His duties were both supervisory and personal. In some things he had the final word; in others he would have to report to his superiors for approval. He was not a director, nor a member of the executive committee, though he was classified as an officer on the payrolls of the company. It was his duty to see that the property of the company was in proper condition, and this duty he was required to perform either by his own personal observation and inspection or by that of his helpers. He properly chose to perform this admitted duty personally and it was while

climbing over a fence in the performance of this actual inspection work that he was injured.

As pointed out, the question is whether or not he was an employe within the purview of the Workmen's Compensation act.

Now section 3, paragraph 23 of the act (2 *Cum. Supp. Comp. Stat., p.* 3885), defines the word "employe" as being "synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employment  \*  \*  \*."

In the case of *Adam Black & Son* v. *Court of Common Pleas, supra,* where the claimant was a stockholder and secretary and treasurer of the corporation, and also regularly employed as a general shop foreman of the company, daily doing the same work in the shop as other mechanics there employed, it was held that the claimant was an employe within the meaning of our Workmen's Compensation act. The Supreme Court said: "The statute (2 *Cum. Supp. Comp. Stat., pp.* \*\*236, 32-b) provides that 'employer is declared to be synonymous with master and includes persons, partnerships and corporations; employe is synonymous with servant, and includes all natural persons who perform service for another for financial consideration  \*  \*  \*.' Strictly speaking the corporation in the instant case was the employer. It had an entity quite apart from that of its stockholders or officers." The court then concludes: "An analysis of the facts of the instant case brings us to the conclusion that Black was an employe within the meaning of the statute, and there is ample support in the testimony for the conclusion reached by the workmen's compensation bureau and the Hudson Common Pleas."

In the case of *Strang* v. *Strang Electric Co., supra,* the principle of the Black case was followed. There the claimant was a stockholder and treasurer of the corporation, and also the manager of its office in Camden, and it was held by the Supreme Court that she was an employe of the corporation and entitled to an award under the act for injuries sustained while on a trip to New Brunswick for the purpose of determining whether a proposed agreement for extra work on a

contract held by the corporation, should be undertaken, the estimator in the employ of the corporation being unavailable.

Our consideration of the evidence in the instant case hereinabove recited, as to the status of the decedent, leads us to the conclusion that under the language of the act, as construed in the cases cited, there was ample justification for the conclusion of the court below that the decedent was an employe of the railroad company.

The judgment below will be affirmed, with costs.