LEROY E. McGIFFIN, PETITIONER, v. PEOPLES BURNER AND FUEL CORP., AND GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORP., LTD., RESPONDENTS.

Decided March 2, 1940.

For the petitioner, *Donal C. Fox* (*Harry Krieger,* of counsel).

For the respondents, *James J. Skeffington* (*Joseph Coult,* of counsel).

\*        \*        \*        \*        \*        \*        \*

While there appears to be no question that McGiffin met with an accident in which he sustained serious injuries on January 8th, 1938, at Woodbury Falls, N. Y., en route from East Orange, New Jersey, to Newburgh, New York, when his automobile skidded on some encrusted snow at the edge of the roadway, plunging into a stone post and overturning, his right to compensation is challenged by the respondents, Peoples Burner & Fuel Corporation, his employer, and the General Accident Fire and Life Assurance Corp., insurance carrier of respondent-employer, upon the ground that the said accident is not a compensable one within the intendment of the act.

The vital issue submitted for determination, succinctly stated, is: Did the injuries, admittedly sustained by McGiffin, result from an accident, arising out of and in the course of his employment with the respondent Peoples Burner & Fuel Corporation?

What, then, is meant by (a) *an accident,* (b) *arising out of* and (c) *in the course of employment* within the meaning and purview of the Workmen's Compensation act? Although there are many upper court decisions touching upon this highly technical term, I believe the interpretation as given by Mr. Justice Trenchard in *Bryant* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458, one of the earliest compensation cases to be passed upon by the Supreme Court, clearly and concisely defines the same as follows: "An accident is an unlooked for mishap or untoward event which is not expected or designed. An accident arises out of the employment when it is something the risk of which might have been contemplated by a reasonable person when entering the employment as incidental to it. A risk is incidental to an employment when it belongs to or is connected with what a workman has to do in

fulfilling his contract; it may be an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment, owing to the special nature of the employment. An accident arises in the course of the employment if the employe is doing what a man may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time."

Tested in the light of this definition, it is quite obvious that a decision in the present case depends upon the purpose and character of the trip undertaken by the petitioner at the time of the occurrence of the accident. A recovery in his behalf is warranted if, upon a fair preponderance of the evidence, it appears that the journey was occasioned on the day in question because of some business mission of the respondent Peoples Burner & Fuel Corporation. On the other hand, if the trip as such was undertaken by the petitioner solely for private and personal reasons, then, under those circumstances, the said respondent would be entitled to prevail.

The proofs disclose that in January, 1938, and for a considerable time prior thereto, the Peoples Burner & Fuel Corporation was engaged in the business of marketing and servicing automatic oil-burner machines and selling fuel oil in connection therewith, having its offices and salesrooms in East Orange, New Jersey. The petitioner, Leroy E. McGiffin, in addition to being president and treasurer of the corporate respondent, was employed as its general manager in which latter capacity he received a salary of $100 per week. As general manager, he had full charge and supervision over the office and sales forces, with power to establish territorial agencies to handle respondent's burner.

On the crucial question as to what the precise reason was for undertaking the said journey, the testimony offered on behalf of the respective parties is in sharp conflict both as to fact as well as to credibility. The petitioner testified that on the afternoon of January 8th, 1938, at approximately three o'clock, having completed his usual Saturday tasks consisting of general office routine and his attendance at the weekly salesmen's meeting over which he presided, he set out for

Newburgh, New York, in his LaSalle automobile, accompanied by two salesmen, Alexander Osborne and William Rubens, for the sole and express purpose of calling on a likely prospect, Hazlett & Huber Corporation of Newburgh, with the view of selling them a franchise in the respondent's burner. According to his testimony, just shortly before departing, he instructed one of his salesmen to put a sample burner in the rear compartment of his car, together with a supply of literature descriptive of the burner, which sample burner was to be used in demonstrating its superiority in performance to the said prospect and which burner was found in the rear of the car after the mishap. He testified further that he was sober at all times and was at the wheel during the entire trip; and that while driving through Woodbury, New York, a small village situated a few miles south of Newburgh, he skidded off the highway by reason of some snow encrustment along the edge of the road, with the result that the car struck a stone post and overturned, pinning him underneath with the weight of the car resting upon his right leg; that he was taken in an ambulance to the Cornwall Hospital, Cornwall, New York, where he remained a patient for a period of ninety-five days, being treated for a compound fracture of the right leg, injuries to the left arm and head, and a laceration over the forehead; that upon his discharge from the hosiptal on April 20th, 1938, he was removed to his home in Montclair, New Jersey, and was thereafter treated by Dr. Lawrence A. Cahill until August 15th, 1938, and kept under observation by the doctor until November 1st, 1938. It is because of the injuries sustained in the aforesaid accident that the petitioner brings the present proceeding to recover compensation for partial permanent disability resulting therefrom; it being conceded that the respondents have heretofore paid him the full period for temporary disability of forty weeks compensation at the rate of $20, covering the period from January 8th, 1938, to October 14th, 1938. With respect to the nature and extent of the permanent disability due to the accident, several medical experts testified in behalf of the petitioner and expressed their opinions as to the percentage of disability.

The respondents produced several lay witnesses whose primary purpose in testifying appeared to be an attempt to discredit the testimony of the petitioner. Some of these witnesses were former salesmen whose strained and embittered feelings toward the petitioner became quite obvious while on the stand. In substance, their testimony would seem to indicate that the petitioner, all during the morning of January 8th, 1938, imbibed quite freely with several others; that the drinking lasted into the afternoon; that the petitioner appeared drunk; and that the trip to Newburgh was planned not as a business venture but purely as a pleasure jaunt with an expectation that the drinking party would be continued upon their arrival there. Felix Huber, president of Hazlett & Huber Corp., appeared for the respondents and testified that his firm had no business appointment with McGiffin on January 8th, 1938, and that his company was not interested in any new make oil burner inasmuch as they were already overstocked with burners. Medical testimony touching upon the question of permanent disability, its nature and extent, was also produced on behalf of the respondents.

In rebuttal, petitioner took the stand in his own behalf and produced several witnesses who were formerly employed as salesmen for the Peoples Burner & Fuel Corporation. In fine their rebuttal testimony was an emphatic denial of any excessive drinking or drunkenness on part of the petitioner during the day in question, or that the trip to Newburgh was intended as a pleasure jaunt.

The weight of the evidence on the issue of intoxication is clearly with the petitioner. As regards this question, the evidence adduced by the respondents does not satisfy the test prescribed by law. There is no basis in the proofs to support a finding that the accident was caused by the petitioner's intoxication. The presumption is to the contrary. The burden of proof of such a defense is, by express requirement of *N. J. S. A.* 34:15-7, cast upon the employer. In *McCracken* v. *Serbe (Supreme Court)*, 4 *N. J. Mis. R.* 482; 133 *Atl. Rep.* 924, it was held that intoxication is a defense only when it exists at the time of the accident. In the case at bar there is no such proof that McGiffin was intoxicated when his car

skidded on the partially snow covered roadway, striking a stone post and overturning. Furthermore it was stipulated by counsel in open court that the hospital records, pertaining to McGiffin upon his admission to the Cornwall Hospital shortly after the accident, are completely barren of any reference to intoxication or alcohol.

Likewise the weight of the evidence as to whether McGiffin, on the day in question and more particularly during the course of the journey and at the time of the mishap, was engaged in his employer's business or in some personal act of his own, would seem to preponderate in his favor. This question, which is decisive of the vital issue in the case, is chiefly one of veracity and credibility. In resolving it in petitioner's favor, my personal observation of him on the witness stand, his demeanor, the tone of his voice, the readiness with which questions were answered, his reaction to surprise and unexpected inquiries on cross-examination, and his carriage and expression were factors considered by me in arriving at and determining the probative value and weight of his evidence. The sphere of his employment measured and limited, not by material space, but by his ability and resourcefulness to find persons and firms interested in the respondent's oil burner products, was in a sense boundless. He was at liberty to follow his own bent, freely and unhampered, in seeking prospects and potential customers. On the day in question when he decided to set out for a prospect in Newburgh, he was not required to await instructions or confirmation from any superior. By virtue of his position as general manager, he was clothed with authority to make such decisions for himself.

While it may be argued by the respondents that the petitioner failed to exercise good judgment in starting out so late in the afternoon, knowing that the roads were icy and dangerous, and without first notifying the prospective customer by telephone or otherwise of his intention to call that day, such failure, however, is no bar to his right to compensation. In *Belyus* v. *Wilkinson, Gaddis & Co.,* 115 *N. J. L.* 43; 178 *Atl. Rep.* 181, Mr. Justice Heher, speaking for the Supreme Court, stated:

"The obligation to make compensation is imposed upon the employer without regard to the negligence of the employe. Paragraph 7, section 2 of the statute provides that compensation in cases of personal injury or death of an employe resulting from an accident arising out of and in the course of his employment shall be made *'in all cases* except when the injury or death is intentionally self-inflicted, or when intoxication is the natural and proximate cause of injury.' See *Dixon* v. *Andrews*, 91 *N. J. L.* 373; 103 *Atl. Rep.* 410; *affirmed*, 92 *N. J. L.* 512; 105 *Atl. Rep.* 893; *Taylor* v. *Seabrook*, 87 *N. J. L.* 407; 94 *Atl. Rep.* 399.

"The legislative design indisputably was to exclude negligence of every character and degree as a determinative in the classification of compensable accidents. While an employe 'willfully negligent' cannot recover under section 1 of the statute, no such limitation is imposed by section 2, paragraph 7 of said statute; compensation is required 'in all cases' coming within its provisions, with the two mentioned exceptions, *i. e.*, when the injury or death is intentionally self-inflicted, or intoxication is the natural and proximate cause thereof."

Nor does the fact, that McGiffin was serving the respondent, Peoples Burner & Fuel Corporation, in a dual capacity, namely as a corporate officer as well as an employe (general manager), defeat his right of recovery, so long as the proofs, as here, show that he was performing duties at the time of the accident in connection with his employment as general manager. In *Hannaford* v. *Central Railroad Company of New Jersey*, 115 *N. J. L.* 573; 181 *Atl. Rep.* 306, Mr. Justice Trenchard stated:

"But the mere fact that one is an officer of a corporation does not, under our Workmen's Compensation act, necessarily preclude recovery for his death as an employe of the corporation. Such an officer may serve both as an officer and a workman under circumstances making him an employe within the meaning of the act, and if he sustains injury resulting in death while performing duties in the latter capacity, there may be a recovery under the act. *Adam Black & Sons* v. *Court of Common Pleas*, 8 *N. J. Mis. R.* 442; 150 *Atl. Rep.* 672; *Strang* v. *Strang Electric Co.*, 8 *N. J. Mis. R.* 873; 152 *Atl. Rep.* 242."

While the journey to Newburgh was made for the express purpose of interesting a prospect in the respondent's oil burner, petitioner's compensation rights are unaffected even though plans had been made for a social party following the completion of the proposed business transaction. The New York Court of Appeals, in *Mark's Dependents* v. *Gray et al.,* 251 *N. Y.* 90, in dealing with this subject said:

"We do not say that the service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. The test in brief is this: If the work of the employe creates a necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. *Clawson* v. *Pierce Arrow Motor Car Co.,* 231 *N. Y.* 273. If, however, the work had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk."

Applying this test, the conclusion is inescapable that the petitioner has met the burden of proof in establishing that the accident on January 8th, 1938, arose out of and in the course of his employment. The criteria of a compensable accidental injury are: First, was the employment one of the contributing causes without which the accident would not have happened; and, second, was the accident one of the contributing causes without which the injury would not have been sustained. In appraising the evidence, probability and not certainty is the touchstone. *Furferi* v. *Pennsylvania Railroad Co.,* 117 *N. J. L.* 508; 189 *Atl. Rep.* 126; *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.,* 111 *N. J. L.* 487; 170 *Atl. Rep.* 22; *Kuczynski* v. *Humphrey,* 118 *N. J. L.* 321; 192 *Atl. Rep.* 371.

Upon carefully considering the entire evidence in this case, I find and determine as follows:

That the petitioner was regularly employed by the respondent Peoples Burner & Fuel Corporation, as general manager,

and that the said employment was subject to article 2 of the Workmen's Compensation act.

That the respondent General Accident, Fire and Life Assurance Corp., Ltd., was the risk carrier of the said corporate employer.

\*        \*        \*        \*        \*        \*        \*

That on January 8th, 1938, the petitioner suffered personal injuries as the result of an accident, which accident arose out of and in the course of his employment.

\*        \*        \*        \*        \*        \*        \*

That as a direct consequence of the injuries the petitioner has sustained partial permanent disability to his right leg, left arm, head and nervous system, all of which, by the greater weight of the medical testimony, approximates twenty per cent. total and permanent disability.

\*        \*        \*        \*        \*        \*        \*

It is therefore \* \* \* adjudged, determined and ordered, that judgment final be entered in favor of the petitioner and against the respondents, Peoples Burner & Fuel Corporation and General Accident, Fire and Life Assurance Corp., Ltd. \* \* \*

JOHN J. STAHL,
*Deputy Commissioner.*