NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LESLIE MacDONALD, PETITIONER, v. THE RIVERSIDE
AND FORT LEE FERRY COMPANY, RESPONDENT.

Decided December 11, 1941.

For the petitioner, *Collins & Corbin* (*Patrick F. McDevitt,*
of counsel).

For the respondent, *Henry H. Fryling* (*William F. Vos-
seller,* of counsel).

\* \* \* \* \* \* \*

Upon carefully considering the entire evidence in this case,
I find and determine as follows:

That the petitioner's decedent, John Muir, was regularly
employed by the respondent as a dock tender at its Edgewater
ferry house, Edgewater, New Jersey, and that the said employ-
ment was subject to article II of the Workmen's Compensa-
tion Act. It has been definitely adjudicated that the locality
test governs in determining whether the Maritime law or the
Workmen's Compensation law controls, and that when it
appears that an accident occurred on land, and not upon a
ship, and the state has provided a scheme of compensation
for the injury, exclusive of all other legal remedy against the
employer, admiralty will not impose its jurisdiction, but will
remit the party injured to such exclusive remedy. See 31
*A. L. R.* 518.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

That on August 29th, 1939, the decedent met with an accident, arising out of and in the course of his employment, when he was struck by a revolving mooring wheel, throwing him backwards and causing him to strike his head upon falling to the floor, followed by unconsciousness; that during his transportation by ambulance to the Englewood Hospital he regained his composure and consciousness sufficiently long enough to tell one, Stephen Bolcik, a police officer who was accompanying him to the hospital, that he, the decedent had been struck by the wheel and was injured in the fall; and that under the well established rule the above utterances of the decedent form part of the *res gestæ.* See *Hannaford* v. *Central Railroad Company of New Jersey,* 115 *N. J. L.* 573; 181 *Atl. Rep.* 306; *Slayback Van Order Co.* v. *Eiben,* 115 *N. J. L.* 17; 177 *Atl. Rep.* 671; *Demeter* v. *Rosenberg,* 114 *N. J. L.* 55; 175 *Atl. Rep.* 621.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

That the decedent was unmarried and left surviving him a widowed sister, Leslie MacDonald, aged 54, the petitioner in the present case, with whom he lived up to the time of his death and who was totally dependent upon the said decedent.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

I find, therefore, that the petitioner is entitled to an award of compensation on the basis of one (1) total dependent.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

It is, therefore, \* \* \* adjudged, determined and ordered, that judgment final be entered in favor of the petitioner and against the respondent.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

JOHN J. STAHL,
*Deputy Commissioner.*