## JOYCE HARRIO v. TERMINAL ELECTRIC CORPORATION AND ANOTHER.

155 N. W. (2d) 741.

January 12, 1968—No. 40,715.

*M. J. McKeon,* for relator.
*McLeod & Gilmore,* for respondents.

KNUTSON, CHIEF JUSTICE.

Certiorari to review a decision of the Industrial Commission denying compensation to a dependent of a deceased employee.

The facts have been stipulated by the parties. On December 5, 1963, Kenneth Harrio was in the employ of Terminal Electric Corporation under a Minnesota contract of hire. It is claimed that on that date he sustained an injury arising out of and in the course of his employment. He died on December 21, 1963. He left surviving him a wife, Joyce, petitioner herein, and four minor children, namely, Terrence Kenneth, Christopher Allan, Jeffrey Leo, and Janice Carla. Terrence is physically and mentally incapacitated and has been since birth. The other minor children suffer no physical or mental incapacity.

The employer filed notice of the employee's alleged injury and subsequent death with the Industrial Commission on January 10, 1964. Slightly more than 2 years later, on January 17, 1966, petitioner filed a claim petition with the Industrial Commission for compensation benefits. The referee to whom the matter was referred held that the statute of limitation's had run against petitioner and the three minor children who were normal, but was tolled as to the minor who was physically and mentally incapacitated. The Industrial Commission on appeal held that the statute had run against all dependents. The only question before us is whether the Industrial Commission was correct in its decision as to the minor who was mentally and physically incapacitated. It appears to be conceded by everyone that the statute had run against the petitioner and the other minor children.

The pertinent statutory provisions are Minn. St. 176.111 and 176.151. Section 176.111 reads in part:

"Subdivision 1. For the purposes of this chapter the following persons are conclusively presumed to be wholly dependent:

"(a) wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury or death;

"(b) minor children under the age of 16 years.

\* \* \* \* \*

"Subd. 5. In death cases compensation payable to dependents is computed on the following basis and shall be paid to the persons entitled thereto or to a guardian or such other person as the commission directs for the use and benefit of the person entitled thereto.

\* \* \* \* \*

"Subd. 9. If the deceased employee leave a surviving spouse and three or more dependent children, *there shall be paid to the surviving spouse for the benefit of such spouse and such children* 66⅔ percent of the daily wage at the time of injury of deceased.

"Subd. 10. In all cases where compensation is payable to the surviving spouse for the benefit of the surviving spouse and dependent children the commission may determine what portion of the compensation shall be applied for the benefit of any such child and may order the same paid to a guardian.

\* \* \* \* \*

"Subd. 12. If the deceased employee leave a dependent orphan, there shall be paid 45 percent of the daily wage at the time of the injury of the deceased, with 10 percent additional for each additional orphan, with a maximum of 66⅔ percent of such wages." (Italics supplied.)

Section 176.151, which contains the provisions with respect to the time within which a claim petition must be filed, so far as material, reads:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

\* \* \* \* \*

"(2) Actions or proceedings by dependents to determine or recover compensation, two years after the receipt by the commission of written notice of death, given by the employer, but not to exceed six years from the date of the accident. \* \* \*

"(3) In case of physical or mental incapacity, other than minority, of the injured person or his dependents to perform or cause to be performed any act required within the time specified in this section, the period of limitation in any such case shall be extended for two years from the date when the incapacity ceases."

The question presented here is whether § 176.151(3) tolled the running of the statute of limitations against Terrence because of his mental and physical incapacity.

Minn. St. 176.111 contains other provisions, not set forth in detail here, which provide different rates of compensation for dependents. Thus, subd. 6 provides for 40 percent of the daily wage of the deceased employee for a widow with no dependent children; subd. 7, 50 percent for a spouse with one dependent child; subd. 8, 60 percent for a spouse with two dependent children; and subd. 9, which is applicable here, 66⅔ percent for a spouse with three or more dependent children. Subd. 12 provides the amount payable to orphans. Subd. 10 gives the commission power to allocate the compensation award made to dependents so that in a proper case more compensation may be allotted to one dependent

than to another.[1] But it is apparent that the statute contemplates that compensation to a spouse and dependent children shall be made to them as a class, depending on how many dependent children there are, and not individually.

Section 176.151(3) provides that the statute shall be tolled if a physical or mental condition incapacitates the dependents from performing or causing to be performed any act required to be performed within the time specified.

Although the facts of the present case differ from those in Nyberg v. Little Falls Black Granite Co. 202 Minn. 86, 277 N. W. 536, some of the language of that decision is, we think, illustrative of the fact that the spouse and dependent children as a class have only one claim. We there said (202 Minn. 93, 277 N. W. 539):

"* * * [W]e are of the view that the act contemplates only one proceeding to determine and enforce the various rights arising from each casualty compensable under its provisions, and the commencement of that proceeding by the employe tolls the limitation provision respecting proceedings by the dependents. * * *

"* * * The right of the dependents to compensation arises at the time of the employe's death and is a separate and distinct right belonging to them. * * * Thus the act has created two distinct rights, one in the employe and the other in his dependents.

* * * * *

"For the reasons stated, our conclusion is that the workmen's compensation act contemplates only one proceeding for each casualty, and the provision of § 4282 relating to proceedings by dependents was intended to apply only in cases where the employe did not commence a proceeding to determine and recover his compensation during his lifetime."

The above language is taken somewhat out of context in so far as the facts of this case are concerned, but it is illustrative of the fact that

---

[1] Such allocation will be made only on application after the amount due dependents is determined. See, 11 Minn. L. Rev. 288; Taylor v. Seabrook, 87 N. J. L. 407, 94 A. 399.

the legislature intended that dependents as a class have but one claim which is not divisible into separate claims for each of the dependents. The language of § 176.151(3) is not as clear as we might desire, but we think that the words "[i]n case of physical or mental incapacity, other than minority, of * * * dependents to perform or cause to be performed any act required within the time specified in this section" contemplate that the one to whom compensation is paid for the benefit of the other dependents be unable, by reason of mental or physical incapacity, to take the required action within the time limited by the statute. That is not the case here. The mother who untimely filed the claim petition was not incapacitated from doing so within the 2-year period. Had she filed within the time allowed, the award would have been made to her for the benefit of herself and her minor children, including Terrence, as a class.

As indicated above, the amount of the award is fixed by statute, depending on the number of children in the group. There is no provision in our statutes for one dependent child to file a claim petition for his individual benefit, nor is there any provision for determining the amount he would be entitled to if we were to hold he could do so.

Unfortunate as the result may seem, we find no provision in our statutes whereby one of a class of dependents individually has any greater right than the class of which he is a part. We are satisfied that the commission came to the correct result.

Affirmed.