[No. 19181. Department One. July 15, 1925.]

MARIE BROWN, *Respondent*, v. DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant*.[1]

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION ACT—
SCOPE OF EMPLOYMENT—INJURIES AWAY FROM PLANT—STATUTES—
CONSTRUCTION. A workman in extra-hazardous employment, who was
killed on the public road in an automobile accident while driving
home in his own car after quitting work for the day and leaving
the plant, is not within the workmen's compensation act, Rem. Comp.
Stat., §§ 7675 and 7679, defining "workmen" and awarding compen-
sation for injuries, "whether upon the premises or at the plant or
he being in the course of his employment away from the plant of
his employer."

Appeal from a judgment of the superior court for
King county, Smith, J., entered January 10, 1925, re-
versing a decision of the department of labor and in-
dustries rejecting a claim for compensation under the
workmen's compensation law. Reversed.

*The Attorney General* and *M. H. Wight, Assistant,*
for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

BRIDGES, J.—The question in this case is whether the
complainant has a valid claim against the state indus-
trial insurance fund because of the death of her hus-
band.

The facts are stipulated: The deceased was in the
employ of the Washington Iron Works, located in the
city of Seattle, and while so engaged his work was
extra-hazardous, within the contemplation of the state
workmen's compensation act. Under the terms of his
employment he commenced work at 7:30 o'clock in the
morning and ceased at 4 o'clock in the afternoon, and
received certain hourly compensation. On May 1 of
last year he concluded his day's work as usual at 4

[1]Reported in 237 Pac. 733.

o'clock in the afternoon. Immediately after checking out, he proceeded towards his home (several miles away) in his own automobile, going thither in the usual and most direct route. After having so traveled for a distance of about four and a half miles from the premises of his employer, and while crossing a bridge over the Duwamish river, he was precipitated into the water and drowned. His widow, who is the plaintiff in this case, made application to the state industrial fund for compensation. The department in control of that fund denied the claim. Upon a hearing in the trial court the claim was allowed, and from a judgment to that effect the state has appealed to this court.

But two sections of our workmen's compensation act are directly involved: Section § 7675, Rem. Comp. Stat. [P. C. § 3470], says:

". . . Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, *and whether upon the premises or at the plant or, he being in the course of his employment, away from the plant of his employer*: . . ."

Section 7679, Rem. Comp. Stat. [P. C. § 3472] reads as follows:

"Each workman who shall be injured whether *upon the premises or at the plant, or he being in the course of his employment, away from the plant of his employer*, or his family or dependents in case of death of the workman, shall receive out of the accident fund compensation in accordance with the following schedule, and, except as in this act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever."

We have italicized the parts most applicable.

It is conceded that, at the time of his death, deceased was not on the premises of his employer, but was on the public road more than four miles therefrom. The real

question, then, to be determined is whether the employee was, at the time of his death, "in the course of his employment away from the plant of his employer." The respondent seems to admit that, if the deceased had met his death on his way home, but while he had turned aside to engage in some business or matter peculiar to his own interest, there would be no valid claim, but insists that, since he was going directly to his home from his place of employment, using the usual means and route of travel, he was, at the time of his death, still in the course of his employment. The appellant contends that the employment ceased when the deceased left his employer's premises.

We think it can be safely said that ordinarily when an employee is injured while traveling the public road on his way to or from his place of work by conveyances not furnished by the employer, and he is not to be paid for the time consumed in going to and coming from his work, and at the time of his injury he is not on or in the immediate proximity of his employer's premises, the injury does not arise out of the employment, under the terms of our statutes. But there are a number of cases holding that the employment is not limited to the exact moment of arrival at the place of work nor to the moment of departure therefrom; that if, in going to or coming from work, the injury occurs in a public road close to the employer's premises, and which road is the only way provided for reaching the premises, there may be a valid claim against the fund. In some of the cases it is said that the fact that the accident happens upon a public road which is close to the employer's premises, and that the danger is one to which the general public is exposed, is not conclusive against the existence of the relation of employer and employee, if the danger be one to which the employee, by reason of and in connection with his employment, is subjected pe-

culiarly or to an abnormal degree. *De Constantin v. Public Service Commission,* 75 W. Va. 32, 83 S. E. 88; *Procaccino v. Horton & Sons,* 95 Conn. 408, 111 Atl. 594; *Lumberman's Reciprocal Ass'n v. Behnken,* 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; *In re Cook,* 243 Mass. 572, 137 N. E. 733, 29 A. L. R. 114; *Wirta v. North Butte Min. Co.,* 64 Mont. 279, 210 Pac. 332, 30 A. L. R. 964; *Cudahy Packing Co. of Nebraska v. Industrial Commission of Utah,* 60 Utah 161, 207 Pac. 148, 28 A. L. R. 1394. This last case was appealed to the supreme court of the United States and the reported opinion is found in 263 U. S. 418, 30 A. L. R. 532. Other cases will be found in the notes to the cases reported in the A. L. R. system.

The case of *Cudahy Packing Co. of Nebraska v. Industrial Commission of Utah, supra,* is a typical case of those cited, although it probably pushes the doctrine a little farther than it had been previously extended. In that case it was held that the death of an employee of a plant so located that it could be reached only by passing over railroad tracks crossing the highway, by being struck by an engine when he was going along the highway towards his place of work, arises out of or in the course of his employment within the meaning of the compensation act, where the place of injury, while not on the employer's premises, was close thereto. The Utah court said:

"If the liability exists, it is by reason of the fact that the plant or manufacturing establishment is so located that there is no other method or means of approach except over railroad tracks or other dangerous places, and that the same are in such close proximity to the plant that the employee has no election or option in determining or selecting his way of approach."

The supreme court of the United States affirmed the Utah decision on the ground that the employee—

". . . could not, at the point of the accident, select his way. He had no other choice than to go over the railway tracks in order to get to his work; he was in effect invited by his employer to do so. This he was obliged to do regularly and continuously as a necessary concomitant of his employment, resulting in a degree of exposure to the common risk beyond that to which the general public was subjected. The railroad over which the way extended was not only immediately adjacent to the plant, but, by means of switches, was connected with it and in principle it was as though upon the actual premises of the employer."

Whether this court, under our statutes, the wording of which is not the same as the statutes under which the foregoing cases were decided, will adopt the doctrine of those cases, it is not necessary for us here to determine. But the respondent does not bring herself within the rule of those cases. The deceased was not injured near the premises of his employer, but on the public road several miles away. He was not injured on a thoroughfare leading directly to or from his employer's premises. In no true sense can it be said that the place of his death was connected with the premises of his employer. The dangers he encountered were identically those which every person who traveled that public road faced. His risk was not, as the supreme court of the United States said in the *Cudahy* case, "beyond that to which the general public was subjected." If respondent could recover under the facts of this case she could recover had her husband met his death ten or twenty miles away from the plant, or while traveling on a street car or railroad train, if he had been going directly home from his place of work. The legislature has not undertaken to provide compensation for those injured on their way home from, or on their way to, the premises of their employer.

Respondent has quoted extensively from the case of

*Stertz v. Industrial Insurance Commission*, 91 Wash. 588, 158 Pac. 256, Ann. Cas. 1918B 354. While in that case the court, speaking through Judge Bausman, made an elaborate examination of the general features and purposes of our workmen's compensation act, the facts were so different from those here that, in our judgment, it cannot help us in the solution of the question before us.

Of all our cases that of *Hoffman v. Hansen*, 118 Wash. 73, 202 Pac. 53, is probably closest to the facts of this case. There the employee arrived at his place of employment several minutes before time to go to work. After he registered he took a walk up the public street, and while returning was injured. Concerning these facts, we said:

"Situated and engaged as he was at the time of the accident, it cannot be said, upon a liberal construction of the act, that he was upon the premises or at the plant of his employer. He was upon the sidewalk and street, in a sense entirely disassociated from the street railway and its service. Nor can it be said that, while thus away from the plant of his employer, he was in the course of his employment. At the time he was injured, he was engaged in the exercise or pastime of walking and was no more in the course of his employment than if, at that time, he had been away engaged in the exercise or pastime of boating or automobiling."

Construing the statute as broadly and liberally as we may, we cannot hold that the respondent has shown that she is entitled to compensation from the industrial insurance fund.

The judgment is reversed, and the action of the department of labor and industries is affirmed.

TOLMAN, C. J., PARKER, ASKREN, and MAIN, JJ., concur.