FRANK S. PURINTON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General, Russell M. Lindel* and *J. Anton Sterbick, Assistants*, for appellant.

*Clarence J. Coleman* and *Thomas G. McCrea*, for respondent.

STEINERT, J.—A claim for compensation under the industrial insurance act was filed by a workman but was rejected by the supervisor of the department of labor and industries. On a rehearing before the joint board of the department,

[1]Reported in 170 P. (2d) 656.

the rejection was by order of that tribunal confirmed. The claimant then appealed to the superior court, and, after a hearing there, the court made findings of fact, drew conclusions of law, and entered judgment reversing the order of the joint board and remanding the cause to the department for further proceedings on the claim. The department appealed.

The facts are not in dispute; the sole question is one of law.

The respondent, Frank S. Purinton, is a marine electrician or wireman and was hired as such by Everett Pacific Shipbuilding and Drydock Company. The character of work performed by him under his contract of employment was of an extrahazardous nature.

The employer operated a large shipyard situated partly on a fill in the harbor fronting the city of Everett. Adjoining the company's property on the east, but separated therefrom by a high fence, was a parking lot which the company either owned or leased, or else otherwise controlled. The parking lot was reserved, maintained, and used by the company solely for the accommodation of those in its employ, many of whom traveled to and from work by automobile.

Through the middle portion of the parking lot a six-hundred-foot lane, a part of which was paved with blacktop, extended in an easterly-westerly direction and served as a passageway from the street on the east to the entrance gate of the shipyard. On each side of the lane was a barrier railing. The lane was commonly used by employees driving or walking to and from work. Those who came by automobile parked their cars in the area adjacent to the lane.

On the morning of January 25, 1945, at about 7:50 o'clock, respondent arrived as usual, in his automobile, at the east entrance to the parking lot, intending to park his car in the reserved area and then report for duty in the shipyard at eight o'clock, which was the regular time for commencement of work by him.

Owing to some improvement which the company desired to make in that particular part of the lot, a large log had

been placed by its employees across the lane at a point about two hundred or three hundred feet east of the entrance gate of the shipyard. This was done for the purpose of preventing automobiles from using the portion of the lane in that vicinity. Respondent therefore parked his car in the street on the east and then proceeded on foot along the lane toward the entrance gate. The distance from where he parked his car to the point where he was to do his work within the shipyard was nearly a mile.

While respondent was in the act of stepping over the log referred to above, an automobile approaching from the east and driven by a fellow workman, who failed to see the obstruction on account of the semidarkness, struck one end of the log, causing it to lurch or roll forward. Respondent was thrown to the ground, and, while he was in that position, the log rolled partly over him, inflicting the injuries for which he seeks compensation in this action.

Upon the evidence adduced, the trial court made a finding and came to the conclusion that, at the time of sustaining his injuries, respondent was on his way to work and at that time was *on the premises* of his employer. For the purposes of this case, we will accept that finding and conclusion as being correct.

From the finding thus made, the trial court drew the further legal conclusion that, at the time and place of sustaining his injuries, respondent was "in the course of his employment." This conclusion presents the disputed question in the case. In this connection, it is to be remembered that the accident occurred ten minutes before the hour of commencement of work by the respondent, and that, at that time, he had not yet entered upon the actual performance of the duties for which he was employed by the shipbuilding company. It should be stated, at this point, that at the time the decision in this case was rendered by the trial court, October 21, 1945, the opinion in the case of *D'Amico v. Conguista*, 24 Wn. (2d) 674, 167 P. (2d) 157, decided March 19, 1946, had not been filed or published.

Respondent's contention and the trial court's decision both proceed upon the theory that, in order to be entitled

to compensation under the industrial insurance act, it is not necessary that, at the time of receiving an injury, a workman be actually at work or that the occurrence take place within his actual working hours, or that he be entitled to receive pay from his employer for the immediate time.

There can be no doubt that this theory has the support of a number of decisions of this court in earlier cases. *Bristow v. Department of Labor & Industries,* 139 Wash. 247, 246 Pac. 573; *White v. Shafer Bros. Lbr. & Door Co.,* 165 Wash. 298, 5 P. (2d) 520, 8 P. (2d) 1119; see, also, *Brown v. Department of Labor & Industries,* 135 Wash. 327, 237 Pac. 733.

■ In subsequent cases, this court definitely annunciated the test for the determination of whether a workman was, at a particular time, in the course of his employment:

"The test adopted by this court for determining whether an employee is, at a given time, in the course of his employment, is whether the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, or by specific direction of his employer; or, as sometimes stated, whether he was engaged at the time in the furtherance of the employer's interest. *McGrail v. Department of Labor & Industries,* 190 Wash. 272, 67 P. (2d) 851, and cases therein cited." *Young v. Department of Labor & Industries,* 200 Wash. 138, 93 P. (2d) 337.

The same rule is expressed in similar language in *Waddams v. Wright,* 21 Wn. (2d) 603, 152 P. (2d) 611.

■ Whatever may have been the individual views of the respective members of this court as to the extent and implications of the rule prescribing the test as above stated, the legal question with which we are here concerned evoked the direct attention and specific consideration of the court, as a whole, in the recent case of *D'Amico v. Conguista,* 24 Wn. (2d) 674, 167 P. (2d) 157. In unequivocal language the majority opinion in that case set forth by enumeration the conditions essential to a recovery under the industrial insurance act, saying:

"Under our workmen's compensation act, *definite conditions must exist at the time of an injury in order to entitle one to the benefits of the act.* First, the relationship

of employer and employee must exist between the injured person and his employer (except in some cases where the injured person is an independent contractor); second, the injured person must be in the course of his employment; third, *that the employee must be in the actual performance of the duties required by the contract of employment*; and, fourth, the work being done must be such as to require payment of industrial insurance premiums or assessments." (Italics ours.)

Following a statement of the facts in that case, the foregoing quoted paragraph was the first legal principle announced therein by the court in the majority opinion. There can be no doubt that this declaration was deliberately and advisedly made, and was in finality so accepted by those who signed the majority opinion, because, in the dissenting opinion (in which the present writer concurred) the attention of the court was by repetition of the above quotation directed immediately to the effect of the majority holding and to the resultant conflict with the general rule theretofore recognized by us in cases stating that:

"It is not essential to the right to receive compensation *that the employee should have been working at the particular time when the injury was received,* also stating that the employment is not limited to the *exact moment when he begins work or when he quits work.*"

It is thus apparent that in the *D'Amico* case, *supra,* the majority of this court intended to hold, and did specifically declare, that in order to entitle one to the benefits of the industrial insurance act, he must, among other essential conditions, be in the actual performance of the duties required by the contract of employment.

■ That case is controlling of the case at bar. At the time of sustaining his injuries, respondent was not in the *actual performance* of the duties required by the contract of employment. The accident occurred ten minutes *before* he was scheduled to report for work, and he was at the time approximately a mile from the place where he actually worked. He therefore was not "in the course of his employment," as that term has now been defined by this court.

It will not now do to say, as has been suggested in the briefs, that respondent was *on his way* to work, or that it was his *duty*, required by his contract of employment, to traverse the parking lot in order to report for work. In that sense, it was likewise his *duty* to leave home in the morning in time to report for work at eight o'clock, but it could not be said, particularly in the light of the *D'Amico* case, *supra,* that he was "in the course of his employment" from the time he left his place of abode and while pursuing his regular route to his place of employment.

The judgment is reversed, with direction to the trial court to enter an order confirming the decision of the joint board of the department rejecting the claim of the respondent.

BEALS, C. J., MILLARD, and SIMPSON, JJ., concur.

MALLERY, J., dissents.