207 P.2d 537

**In re CROXEN.**

**CROXEN v. WICKS et al.**

No. 7490.

Supreme Court of Idaho.

June 24, 1949.

W. B. McFarland and J. Ward Arney, Coeur d'Alene, for appellant.

392

Spencer Nelson and Ralph S. Nelson, Coeur d'Alene, for respondent.

KEETON, Justice.

Marie Croxen, widow of Lelun R. Croxen, deceased, filed a claim before the Industrial Accident Board to recover compensation under the Workmen's Compensation Law, claiming that deceased met his death due to an injury "caused by an accident arising out of and in the course of his employment."

Cecil Wicks, employer, and Idaho Compensation Company, his surety, were made defendants. The Industrial Accident Board ruled "that the fatal accident * * * did not arise out of and in the course of decedent's employment" and held "that the claim for death benefits by the surviving widow, Marie Croxen, is denied."

The facts in the case were not disputed.

About July 6, 1947, deceased was employed to haul logs with a truck owned by the deceased, which he serviced and repaired at his own expense. Defendant Wicks paid the deceased $6 per thousand, with a minimum guarantee of $1 per hour as wages for an agreed average of eight hours per day. Wicks had been engaged in logging for several years. His crew consisted of eight to ten workmen. Decedent transported logs to a mill, also to a siding on the Spokane-International Railroad, a distance of thirteen or fourteen miles from the logging site. No camp was maintained by the employer, nor did he furnish the crew with lodging or board.

Deceased lived at Sagle, Idaho, and it was his custom to leave his residence at about 6:00 A.M. driving his truck from Sagle northerly through Sandpoint then northeasterly to the logging site, a total distance of approximately twenty-seven miles.

Decedent worked on days when Wicks directed, and prior to the day on which the fatal accident occurred had been laid off about a week and was returning to work at Wicks' request. The testimony of Wicks on this point is as follows:

"Q. Now this particular morning, is it a fact that he was killed on his way from his home to your logging operations? A. Yes.

"Q. And he was supposed to report that morning, and you had told him to report that morning and go to work, hadn't you? A. Yes.

\* \* \* \* \* \*

"Q. Mr. Croxen was living at Sagle when he reported to work—when he came to your employment? A. Yes.

"Q. Was there any requirement that he live in Sagle when he reported to work for you? A. I didn't make any requirement.

"Q. He could have lived at Sandpoint if he chose? A. I presume he could.

\* \* \* \* \* \*

"Q. How long had the work been suspended just before his death, and how long had he been off work? A. About a week, I think.

"Q. What time was he to report to work on the morning of his death? A. The same as usual. Nothing was said about that. I just told him to come to work the next morning.

"Q. What time did he ordinarily report to work? A. Usually around seven, or a little after."

Employer Wicks did not furnish the deceased with transportation nor did he have any facilities for servicing or repairing deceased's truck, and the employment contemplated the use of the truck as well as the deceased's own services. Deceased's place of abode, and customary manner and method of travel therefrom to the logging site were within the employer's knowledge.

Deceased while driving his own truck from his home en route to work on the morning of September 11, 1947, was killed by a Northern Pacific eastbound freight train on its main line at a point where the main line intersects the highway known as Sagle Crossing, about a mile from deceased's residence and approximately twenty-six miles from the site of deceased's employment.

Respondents denied liability solely on the ground that the fatal accident did not arise out of and in the course of deceased's employment by Wicks.

In deciding the case and denying liability the Board relied on State ex rel. Gallet v. Clearwater Timber Company, reported at 47 Idaho 295, 274 P. 802, 66 A.L.R. 1396.

In appellant's brief, appellant specified error in the Board's ruling as follows:

"The Board erred in ruling compensation to be excluded in the case because the accident occurred on a public highway crossing of a railroad."

In the case relied on in denying liability, State ex rel. Gallet v. Clearwater Timber Company, supra, an employee of the Clearwater Timber Company was driving his own automobile from his home in Lewiston to his work. In driving across a railroad crossing his automobile was struck by a passenger train, and an employee by the name of Pierce, killed. Pierce was following the most direct and practical route on his way to work and was traveling on a road open to the public, as well as the employees of the employing company. In construing the act, this Court called attention to the wording of Section 43-1001, I.C.A., which reads:

"If a workman receives personal injury caused by an accident arising out of and in the course of any employment covered by the Workmen's Compensation Law his employer or the surety shall pay compensation in the amounts and to the person or persons hereinafter specified."

Appellant seeks to distinguish the case of State ex rel. Gallet v. Clearwater Timber Company, supra, by asserting that Pierce was driving his own automobile from his home in Lewiston to his work, while Croxen in the case at bar was not merely going to work, but was performing his contract of employment in driving the instrumentality necessary to the performance of the contract. In other words, Croxen was bringing his truck from his home to the logging operation.

Appellant further claims that while Pierce in the case cited was on his way to work, Croxen was performing his work and therefore his accidental death arose out of his employment.

In support of appellant's contention, he cites In re Coleman, 53 Idaho 339, 23 P.2d 1115; Zeier v. Boise Transfer Company, 43 Idaho 549, 254 P. 209; Scrivner v. Franklin School, 50 Idaho 77, 293 P. 666; Murdoch v. Humes & Swanstrom, 51 Idaho 459, 6 P.2d 472.

In the Coleman case, supra, the deceased, as part of his employment was required to perform work in different places and as a part of his work was required to travel back and forth to perform different services for the employer, and for that purpose necessarily used a public highway, and the court in allowing an award to the deceased's dependents, said [53 Ida. 339, 23 P.2d 1117]:

"That where one's employment requires him to be upon the public highways, and he travels there, it is part of his employment, and an injury received at such place and under such circumstances is compensable."

The rule announced in the case of Zeier v. Boise Transfer Company, supra, is to the effect that where an employee was on

duty between twelve and one-o'clock, and was instructed to go to a freight depot to deliver a bill of lading and then as soon as possible unload a truck on company scales, and was injured returning to employer's place of business after securing lunch at home, the accident was held to have arisen out of and in the course of employment, and in the case the court said:

"Where the employment requires the employee to be on the street, he is subject to a different risk than the ordinary traveler, and so, if he is injured while engaged in that duty or something incidental to it, the accident arises out of the employment."

In Scrivner v. Franklin School, supra, a teacher was injured while proceeding to the residence of the Board of Trustees, to make a customary report. The contract of employment required the teacher to maintain proper order and discipline, and to prepare and forward to the proper officers all required school reports.

The court found that the teacher at the time and place of the accident was performing a duty in the course of her employment and allowed compensation.

In the case of Murdoch v. Humes & Swanstrom, supra, the deceased was on a public highway driving an automobile pursuant to employer's orders and on the employer's business and the accident was held to arise out of and in the course of his employment.

In re Christie, 59 Idaho 58, 81 P.2d 65, 71, Christie was killed while driving an automobile on a public highway. After setting out the facts in the case, the court held:

"It is apparent from the * * * evidence that the trip the decedent was making at the time of his death was at least in part devoted to the service of the master; and it is equally apparent that it was not wholly, if at all, devoted to the pleasure or personal advantage of the decedent."

The deceased was returning to the place of employment after making a trip to get parts for employer's tractor. The Court held:

"Where evidence showed that caterpillar tractor operator and repair man was making hurried trip to city to get needed parts for caterpillar under authority and instructions from superintendent to get parts required and that employee was to be compensated for getting parts, and showing that employee would not have made the trip had it not been for the necessity of obtaining the parts and that employee was killed in accident returning from city, finding that employee was not injured in 'course of employment' so as to justify denial of claims for compensation was error."

It may be stated as a general rule that an accident does not arise out of and in the course of the employment within the Workmen's Compensation Law when it occurs when the employee is on his way to work and before he has reached the premises of the employer, or when he is on his way home and has left the employer's premises. Reed v. Bliss. & Van Auken

**396**

Lumber Company, 225 Mich 164, 196 N.W. 420.

And a person injured on a public road on his way to work does not suffer an injury "caused by an accident arising out of and in the course of his employment."

In the case of State ex rel. Gallet v. Clearwater Timber Company, supra, the court said [47 Ida. 295, 274 P. 805]:

"The English and the majority of American courts have refused to 'infer' that dangers incident to public crossings are 'within the contemplation of the contract of employment,' even though the employee has occasion to be more frequently present thereon, but hold that such incidental danger is common to the public, and the fact that the employee has to pass that way more frequently as not sufficient to characterize such dangers as peculiarly 'abnormal,' or injuries arising therefrom as either arising out of or in the course of the employment, or in the contemplation of the employment, or a part of the contract of employment."

And, after an extensive review of the cases covering the matter under consideration, this court further said:

"Our Workmen's Compensation Act is not an insurance act, * * * nor has the Legislature undertaken to provide compensation for those injured upon a public highway under these circumstances. The injury here did not 'arise out of and in the course of' the employment of deceased."

This brings us to a discussion of whether or not the case at bar comes within any of the exceptions to the rule stated in the Clearwater Timber Company case, supra. Croxen cannot be said to have been under the direction or control, or subject to the orders of the employer at the time of the fatal accident. He received no pay for driving his truck from his home to the site of employment, and after reaching the premises of the employer would be paid in proportion to the quantity of logs hauled, with a minimum guarantee of $1 an hour. The deceased could, if he wished, have left his truck at the site of the employment and proceeded by any other means of travel he might choose. For his own convenience and not the convenience of the employer, he elected to travel to and from work in the instrumentality that he used in doing the work. The transporting of Croxen to and from his place of employment was a matter over which the employer had no control whatsoever. The employee in the case at bar was not performing a service necessary for the employer's business, and certainly it could not be said that the employer created the necessity for the deceased to be on a public highway. This is not a case where the employment required that the injured employee be on a street or road, and does not come within any of the exceptions to the rule that an injury sustained under such circumstances is not compensable.

A review of the cases on the subject has been so well covered in the case of Clear-

water Timber Company, supra, that a further discussion of such cases would serve no useful purpose.

The case falls within the rule above announced, that the death of deceased did not arise out of and in the course of his employment. The decision of the Industrial Accident Board is affirmed.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.