271 P.2d 1016

JAYNES

v.

POTLATCH FORESTS, Ino.

No. 8071.

Supreme Court of Idaho.

June 15, 1954.

298

Robert N. Elder, Coeur d'Alene, for respondents.

Paul C. Keeton and Leslie T. McCarthy, Lewiston, for appellant.

THOMAS, Justice.

On December 31, 1951, a car belonging to and driven by Cloy Jaynes in which Roy W. Jaynes, his father, was a passenger was struck by a train at a railroad crossing adjacent to the plant of Potlatch Forests,

Inc., resulting in fatal injuries to said Roy W. Jaynes. Both occupants of the car were and for many years had been employed by Potlatch Forests, Inc., and on this particular day were engaged in maintenance work as the plant was shut down so that major repairs in the lumber mill could be made.

Upon completing the shift for this particular day decedent and his son got into the son's car which was parked in a parking lot on the premises of, and provided for that purpose by, employer. They then proceeded south some five or six hundred feet, still on the premises of employer, and passed the gatehouse which was located approximately two hundred feet north of the crossing of the Northern Pacific Railroad Company, sometimes called the Camas Prairie Railroad.

The regular route from Lewiston, Idaho, eastward to the plant of Potlatch Forests, Inc., lies south of and roughly parallel to the railroad. It is a public highway and the main county road from and to Lewiston and extends eastward beyond the plant. A branch road from the county highway to the main entrance of the plant turns north and immediately enters the railroad right-of-way which is approximately fifty feet in width. The north line of the railroad right-of-way and the south line of the property of employer form a common boundary. The lands and plant of employer lying north of the gatehouse are enclosed by a substantial fence.

This particular railroad crossing is subjected to considerable use; more than two thousand cars cross it within a period of twenty-four hours when the plant of employer is in full operation; practically all the employees of Potlatch Forests, Inc., use this entrance in coming to and going from work, irrespective of the means by which they may travel; such use is known to and contemplated by the employer; its customers, salesmen and visitors to the plant also use the crossing to enter and leave the premises of Potlatch Forests, Inc.; the crossing also furnishes access to property of Washington Water Power Company and is used by some of its employees in going to and returning from work.

The employer maintains watchmen twenty-four hours a day who are stationed at the gatehouse in three eight-hour shifts. In general the duty of a watchman is to determine whether or not people seeking to enter the plant have legitimate business entitling them to enter.

It is the practice and custom of the watchman on shift to leave the gatehouse when the plant is in operation and act as a flagman at a point near the crossing during the shift changes; it is his duty to stop traffic when a train is approaching. When the plant is shut down and only maintenance crews are working, such as was the situation on December 31, 1951, no flagman is maintained at the track.

The Industrial Accident Board concluded that the injury and resultant death of Roy W. Jaynes did not arise out of and in the course of his employment by Potlatch Forests, Inc. From the order denying compensation, this appeal was taken.

The sole and only question for determination on this appeal is whether the accident and resultant death arose out of and in the course of the employment of deceased.

█ It is a general rule that an accident does not arise out of and in the course of employment within the meaning of the Workmen's Compensation Law when it occurs while the employee is on his way to work and before he reaches the premises of his employer or when he is on his way home and has left the premises of his employer. Eriksen v. Nez Perce County, 72 Idaho 1, 235 P.2d 736; In re Croxen, 69 Idaho 391, 207 P.2d 537; Pacific Indemnity Co. v. Industrial Accident Comm., 28 Cal.2d 329, 170 P.2d 18; California Cas. Indemnity Exch. v. Industrial Acc. Comm., 21 Cal.2d 751, 135 P.2d 158; Freire v. Matson Nav. Co., 19 Cal.2d 8, 118 P.2d 809; 58 Am.Jur., sec. 217, p. 723; 71 C.J., sec. 443, p. 712; Larson's Workmen's Compensation Law, Vol. 1, sec. 15, p. 194; Annotations 66 A.L.R. 1405; Annotations 28 A.L.R. 1408.

There are many well recognized exceptions to the general rule some of which were broadly set forth in the case of Eriksen v. Nez Perce County, supra. See also 58 Am.Jur., sec. 221, pp. 726–727; 71 C.J., secs. 445, 449, 451, pp. 716, 729, 732.

There are an ever increasing number of railroad crossing cases in which an exception to the general rule has been applied under the particular facts and circumstances of each case. Among some of the well reasoned and leading cases in this field are the following: Cudahy Packing Co. of Nebraska v. Parramore, 60 Utah 161, 207 P. 148, 28 A.L.R. 1394, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532; Bountiful Brick Co. v. Giles, 68 Utah 600, 251 P. 555, Id., 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402; Christian v. Chicago & Illinois Midland Ry. Co., 342 Ill.App. 656, 97 N.E.2d 576; General Steel Castings Corp. v. Industrial Commission, 388 Ill. 66, 57 N.E.2d 454; Schafer v. Industrial Commission, 343 Ill. 573, 175 N.E. 789; Fennimore v. Union Construction & Holding Co., 122 N.J.Misc. 33, 35 A.2d 32; Attaway v. Fidelity & Casualty Co. of New York, La.App., 39 So.2d 632; Spellman v. Industrial Commission of Ohio, 73 Ohio App. 369, 51 N.E.2d 414; Judson Mfg. Co. v. Industrial Comm., 181 Cal. 300, 184 P. 1.

In the Parramore case the accident occurred at the intersection of a county road and a railroad crossing one hundred feet from the entrance of the plant; this apparently was the only means of access to the plant. In the Giles case compensation was also awarded. There the route taken, while not the only route available, was the customary route. The Utah statute, unlike the statute of this state, awards compensation whenever the accident resulting in

injury arises out of or in the course of employment; it can be observed however in these decisions that the same results would have been reached had the Utah statute, like the Idaho statute, employed the conjunctive coverage clause.

In the case of Christian v. Chicago & Illinois Midland Ry. Co., supra, compensation was awarded where the north gate of employer's plant which was by ninety percent of its employees led directly onto the right-of-way of a railroad. It was necessary, in order to reach the public street which was located some one hundred feet from the gate, to follow a road which led across two railroad tracks, the second of which was a main line track fifty-nine feet from the gate. An employee was struck and killed by a train while crossing the main line track on his way home after completing a day's work; the court primarily predicated liability on the ground of a special exposure to hazard or risk; this principle was also applied in the case of Judson Mfg. Co. v. Industrial Accident Comm., supra. In that case the employee was on a path about twenty feet from the factory gate and between the public road and the factory entrance, the means of ingress and egress authorized, when he was killed by a train on a railroad crossing.

In all the railroad crossing cases hereinabove cited, as well as other cases involving off-premises injuries, such as Starr Piano Co. v. Industrial Accident Comm., 181 Cal. 433, 184 P. 860; Globe Indemnity Co. v. Industrial Acc. Comm., 208 Cal. 715, 284 P. 661; Freire v. Matson Nav. Co., 19 Cal.2d 8, 118 P.2d 809; Pacific Indemnity Co. v. Industrial Accident Comm., 28 Cal.2d 329, 170 P.2d 18 and Park Utah Consolidated Mines Co. v. Industrial Comm., 103 Utah 64, 133 P.2d 314, many variable factors were discussed and considered but the controlling factor entitling the employee to compensation was a causal connection between the special risk and hazard and the employment.

It will be noted in most jurisdictions an exception to the general rule has extended the principle to embrace an accident as arising out of and in the course of employment when it occurs at a point where the employee is within range of dangers peculiarly associated with the employment. In this respect it is reasoned that such injury can be seen to have followed as a natural incident to the work and as the result of peculiar exposure occasioned by the nature of the employment because the causative danger is peculiar to the employment and not common to the neighborhood. Under this rule it is not intended to nor does it protect an employee against all the hazards, perils and dangers on his journey from home to work and from work back to his home.

A vast majority of the state courts, as well as the United States Supreme Court, have consistently declared and adhered to the doctrine that where an employee has been subjected to a peculiar risk, such as crossing railroad tracks under such facts and circumstances as hereinbefore detailed,

there is such an obvious causal relation between the work and the hazard that the course of employment concept must be expanded to cover such employees, otherwise an injustice in the denial of compensation for an injury caused by the employment would result; it is a recognition of the causal connection between the conditions under which an employee must approach and leave the premises of the employer and the occurrence of the injury; it recognizes that the employment involves peculiar and abnormal exposure to a common peril which annexes itself as a risk incident to and inseparable from the employment; it is not necessarily based upon nearness to the plant nor upon reasonable distance therefrom or even identifying the surrounding area as an integral part of the premises for all practical purposes but upon a causal relationship between the work and the hazard.

Notwithstanding the views of the courts as set forth in this opinion, it is urged that the case of State ex rel. Gallet v. Clearwater Timber Co., 47 Idaho 295, 274 P. 802, 66 A.L.R. 1396, is controlling and decisive on this appeal. In that case an employee of the Clearwater Timber Company, predecessor of Potlatch Forests, Inc., was fatally injured in 1928 at the same railroad crossing, the entrance to his employer's premises, while on his way to work and compensation was denied under the Workmen's Compensation Law.

This court there reviewed and analyzed many earlier cases which were cited in support of compensation, including the cases of Cudahy Packing Co. v. Parramore, supra, and Bountiful Brick Co. v. Giles, supra; it did not criticize nor reject the principles laid down in any of these cases but sought to distinguish such cases from the case then at bar on the ground that the injury in each of the cases therein cited occured upon private property as contra distinguished from the public highway; the court pointed out that in each of the cases therein reviewed the entrance was over private lands while in the Gallet case the entrance was on a public highway and for this reason alone denied compensation. The court in doing so observed that the legislature had not undertaken to provide compensation for those who were injured upon public highways under such circumstances.

We are urged here to again recognize and apply the distinction between off-premises injuries which occur on private property and those which occur on public streets and highways. The extension of the course of employment to off-premises injuries is not based upon the principle which would justify a distinction upon the narrow ground of private and public property; it is not sound to say that while an employee is on a public highway he is always there as a member of the public and in nowise in the exercise of any right conferred by his contract of employment; nor is it a complete answer to say that while he is on his employer's premises his presence there is by contract right, otherwise he would be a trespasser. The question of

whether or not one is a covered employee should not be resolved by the application of the law relating to rights to enter upon lands, or by the law of trespass licensee, invitee or otherwise.

A substantial and fair ground to justify the extension of the course of employment beyond the premises of the employer is to extend its scope to the necessary risks and hazards associated with the employment. These risks may or may not be on the premises of the employer and for this reason there is no justification to distinguish between extended risks on public highways and private pathways. In fact it is at most a distinction without a difference. Fennimore v. Union Construction & Holding Co., 122 N.J.Misc. 33, 35 A.2d 32. Under the better reasoned cases the technical status as public or private is obviously of no moment or in any event in and of itself is not conclusive. Northwestern Fuel Co. v. Industrial Commission, 197 Wis. 48, 221 N.W. 396. See also Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813, 85 A.L.R. 85; Park Utah Consolidated Mines Co. v. Industrial Comm., 103 Utah 64, 133 P.2d 314; Freire v. Matson Nav. Co., 19 Cal.2d 8, 118 P.2d 809; Bountiful Brick Co. v. Giles, 68 Utah 600, 251 P. 555, Id., 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402; Annotations 66 A.L.R. 1405; Larson's Workmen's Compensation Law, Vol. 1, sec. 15.21, p. 202.

By the extension of the off-premises rule it is not intended to cover all possible accidents but only instances where there is a very real and special danger—to reach out and cover that danger; hence the reason for such extension is only to encompass, as in this instance, a hazardous railroad crossing, and not to expand the course of employment for every conceivable purpose; such extension is justified beyond the premises in order that it may embrace of necessity off-premises conditions that are worthy to be designated as risks of such employment and as such compensable.

There seems to be no rational reason to conclude that an employee is not covered if he is injured while going to his work or returning home from his work from a risk or hazard of and inherent in the employment itself and it is obviously immaterial, if such be so, upon whose premises the accident occurs for in either event he is within both the letter and the spirit of the act. Even in Arizona where a strict and somewhat narrow interpretation of the law has been applied, it was recognized in the case of McCampbell v. Benevolent & Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147, that compensation would not in all cases be denied for off-premises injuries while going to and coming from work; it recognized instances where risk or danger, inherent in and inseparable from the employment, create a special hazard to which the employee is required to subject himself, such as having to cross a railroad crossing.

From what has been said, we decline to follow the decision in the case of State ex rel. Gallet v. Clearwater Timber Co., 47 Idaho 295, 274 P. 802, 66 A.L.R. 1396, and expressly overrule it.

It follows that the accident and the death resulting therefrom arose out of and in the course of employment and hence the Board erred in denying compensation.

The order of the Board is reversed and the cause remanded with directions to the Board to enter the appropriate award of compensation.

Costs to appellant.

PORTER, C. J., GIVENS and TAYLOR, JJ., and NORRIS, D. J., concur.